IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL GRAVES,<br><br>   Petitioner,<br><br> v.<br><br>THOMAS CAREY, Warden<br><br>   Respondent.     / | No. C 01-03502 SI<br><br>**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO AMEND AND STRIKING THIRD AMENDED PETITION** |

  Petitioner David Michael Graves, a prisoner incarcerated at the California State Prison - Solano, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court is petitioner's motion for leave to file a third amended petition or to reinstate abeyance of proceedings. Having carefully considered the papers submitted, the Court DENIES the motion.

**BACKGROUND**

  In 1995, Graves was charged with the murder of Gary Tutt and attempted murder of Daniel McKinzie.[1] Following a jury trial in Contra Costa County Superior Court, Graves was convicted of first degree murder. The jury that heard the attempted murder charge found Graves guilty of attempted murder, but could not determine whether the attempted murder had been premeditated.[2] Following a

---

[1] The facts are taken from the allegations in petitioner's habeas petition. At this stage of the proceedings, the Court takes those facts as true.

[2] California Penal Code § 664(a) provides that a defendant convicted of attempted murder is subject to a sentence of life with the possibility of parole if the jury finds that the attempted murder was "willful, deliberate, and premeditated." In *People v. Bright*, 12 Cal. 4th 652 (1996), the California Supreme Court held that this section was a sentencing enhancement and did not create separate degrees of attempted murder.

retrial solely on the issue of premeditation, a second jury found that the attempted murder had been premeditated. Petitioner was sentenced to indeterminate terms of 25 years to life for the murder of Tutt and 7 years to life for the attempted murder of McKinzie. Petitioner's conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court on May 12, 1999. He then filed unsuccessful habeas petitions in state court.

After the California Supreme Court denied his habeas petition in August 2001, Graves filed a habeas petition in this Court on September 17, 2001. Because the petition contained both exhausted and unexhausted claims, however, the Court granted Graves an abeyance of proceedings so he could exhaust the unexhausted claims. On April 13, 2005, the California Supreme Court denied Graves' petition. On May 12, 2005, petitioner filed a second amended habeas petition in this Court. This case was reopened on May 31, 2005.

Currently before the Court is petitioner's motion for leave to file a third amended petition or to reinstate abeyance of the proceedings. Petitioner wishes to introduce three new claims to his habeas petition. Petitioner's first two new claims concern his trial for attempted murder. He claims that the trial court's failure to *sua sponte* instruct the jury on second-degree attempted murder violated the Due Process Clause of the Fourteenth Amendment.[3] He also claims that his counsel's failure to request a second-degree attempted murder instruction violated his Sixth Amendment right to effective assistance of counsel. Petitioner's third claim alleges that the prosecution intimidated a key witness into not testifying on his behalf, in violation of his Fourteenth Amendment due process rights. Petitioner has not exhausted these claims; he therefore seeks to have these proceedings once again held in abeyance so he can return to state court.

---

[3] Petitioner makes this claim despite the fact that, at the time of his trial, there was no such crime as attempted second-degree murder. *See People v. Bright*, 12 Cal. 4th 652 (1996) (finding that increased sentence for "willful, deliberate, and premeditated" attempted murder was a penalty provision and did not create separate degrees of attempted murder). In 2004, in light of the Supreme Court's decision in *Apprendi v. United States*, 530 U.S. 466, 120 S. Ct. 2348 (2000), the California Supreme Court reexamined its holding in *Bright* and held that double jeopardy protections applied to jury findings of premeditation in connection with attempted murder charges. *See People v. Seel*, 34 Cal. 4th 535 (2004).

2

1    The government filed an opposition to petitioner's motion on August 23, 2005. Before this
2 Court ruled on petitioner's motion, however, petitioner proceeded to file his third amended petition with
3 the Court.[4] Because the Court DENIES petitioner's motion, it STRIKES the third amended complaint
4 from this case.

## LEGAL STANDARD

7    Under Federal Rule of Civil Procedure 15, a party may amend his pleading "once as a matter of
8 course" and with leave of the court thereafter.[5] Fed. R. Civ. P. 15(a). Generally, a policy in favor of
9 amendment "is to be applied with extreme liberality." *Owens v. Kaiser Foundation Health Plan, Inc.*,
10 244 F.3d 708, 712 (9th Cir. 2001). One reason a court may deny leave to amend is "where the
11 amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.1992).

12    In addition, given the strict rules that apply to habeas cases, the ability to amend a habeas
13 petition is significantly limited. *See generally Mayle v. Felix*, -- U.S. --, 125 S. Ct. 2562 (2005).
14 Specifically, leave to amend a habeas petition must be denied where the petitioner seeks to raise claims
15 barred by the one-year limitations period that applies to habeas proceedings. *See id.* In order for a court
16 to permit such an amendment, the amendment must "relate back" to the original pleading. *See id.*; Fed.
17 R. Civ. P. 15(c)(2).

18    Pleading amendments relate back to the date of the original pleading when the claim asserted
19 in the amended plea "arose out of the conduct, transaction, or occurrence set forth or attempted to be
20 set forth in the original pleading." *Id*. In *Mayle*, the Supreme Court held that a claim does not arise out
21 of the same "conduct, transaction, or occurrence" when it asserts a new ground for relief and is

---

[4]In a November 23, 2005, letter, petitioner explained that he believed filing the third amended petition was proper because the government had not yet filed its answer to the second amended petition. This is contrary to the plain language of Federal Rule of Civil Procedure 15, which only allows a party to amend a pleading "once as a matter of course," and requires leave of the court thereafter.

[5]Habeas Corpus Rule 11 "permits application of the Federal Rules of Civil Procedure in habeas cases 'to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules.'" *Mayle*, 125 S. Ct. at 2569.

3

supported by facts that differ in both time and type from those the original pleading set forth. *Id*.

## DISCUSSION

As mentioned above, petitioner seeks leave to amend his petition to add claims that the trial court erred by failing to instruct the jury on second-degree attempted murder, that his counsel was ineffective for failing to request such an instruction, and that the prosecution committed misconduct by intimidating a defense witness. The Court DENIES petitioner's request with respect to all three claims.

### 1.    Trial Court's Failure to Instruct

The Court declines to grant petitioner leave to bring his new claim that the trial court violated his due process rights by failing to instruct the jury on second-degree premeditated murder. Although petitioner alleges that the trial court violated his federal due process rights, he cites only state law in arguing that such a claim is cognizable. The law in the Ninth Circuit is clear, however, that no federal basis for his claim exists. *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir.2000) ("[T]he failure of a state court to instruct on a lesser offense [in a non-capital case] fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding.") (quoting *Bashor v. Risley*, 730 F.2d 1228 (9th Cir.1984)).[6] Because petitioner has failed to articulate any federal basis for his claim, the Court DENIES motion for leave to amend based on the grounds that such an amendment would be futile. See *DeSoto*, 957 F.2d at 658.

### 2.    Ineffective Assistance

Graves also argues that his trial counsel was ineffective because he failed to request a jury

---

[6] *Solis* left open the possibility that "[a district court's] *refusal* . . . to instruct a jury on lesser included offenses, when those offenses are consistent with defendant's theory of the case, may constitute a cognizable habeas claim." *Solis*, 219 F.3d at 929 (emphasis added). Petitioner's claim, however, is that the district court should have *sua sponte* instructed the jury on attempted second-degree murder, which is clearly not cognizable. *See Chaidez v. Knowles*, 258 F. Supp. 2d 1069 (N.D. Cal. 2003) ("Petitioner is precluded from federal habeas relief on his claim that the trial court failed to instruct sua sponte on the lesser-included offense of attempted voluntary manslaughter.").

4

instruction on attempted second-degree murder. As discussed above, however, no such crime existed in California until the California Supreme Court revisited *Bright* in 2004. Graves has not explained how failure to request an instruction on a crime that did not exist can possibly rise to the level of ineffective assistance.

Graves may be arguing that his trial counsel should have foreseen the development of the law and should have requested a jury instruction on attempted second-degree murder in anticipation of the Supreme Court's decision in *Apprendi*. But counsel's failure to anticipate future developments in the law does not constitute ineffective assistance. *See Sistrunk v. Vaughn*, 96 F.3d 666, 670-71 (3d Cir. 1996) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law.") (internal quotation marks omitted); *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995) ("[C]lairvoyance is not a required attribute of effective representation."); *Wajda v. United States*, 64 F.3d 385, 388 (8th Cir. 1995) ("Counsel could not be expected to make a *Johnson*-type argument before *Johnson* was decided; counsel's performance is not deficient by failing to predict future developments in the law."); *Honeycutt v. Mahoney*, 698 F.2d 213, 216-17 (4th Cir. 1983); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) ("[C]ounsel is normally not expected to foresee future new developments in the law . . . ."). This is especially true where, as here, Graves's conviction occurred not only three years before *Apprendi*, but also two years before the predecessor case to *Apprendi*, *Jones v. United States*, 526 U.S. 227 (1999).

Graves's ineffective assistance claim therefore fails as a matter of law. Because any amendment to add such a claim would be futile, Graves's request to file a third amended petition is DENIED with respect to his new ineffective assistance of counsel claim.

**2.    Prosecutorial Misconduct**

The Court finds that petitioner's prosecutorial misconduct claim is barred because it is untimely. Petitioner first asserted the claim on August 23, 2005. Because petitioner's conviction became final on May 12, 1999, any new claims petitioner raises in his third amended petition are time-barred unless they

relate back to his claims that were timely filed.[7] *See Mayle v. Felix*, -- U.S. --, 125 S. Ct. 2562 (2005).

Petitioner's prosecutorial misconduct claim alleges that the prosecution violated his due process rights by intimidating David Hinkley, a defense witness. Graves called Hinkley at his trial to testify that another individual, Scott Casteel, had confessed to killing Tutt. Hinkley refused to testify at Graves's trial, however, and instead asserted his Fifth Amendment right against self-incrimination. Graves has now produced a memo from a private investigator who interviewed Hinkley in April 2005. According to the memo, Hinkley did not testify at Graves's trial because the District Attorney threatened to bring charges of accessory after the fact against Hinkley if he testified to Casteel's confession.

Although Graves's allegations are troubling, they may not be added to his habeas petition because they are time barred. Nothing in Graves's second amended petition is remotely the same as this new claim. While Hinkley is mentioned in the second amended petition, those claims involve Graves's assertion that the trial judge erred by allowing Hinkley to invoke his Fifth Amendment rights. The facts surrounding the trial judge's ruling, however, are far removed from the prosecution's alleged threats. The operative facts in the former involve Hinkley's explanation on the witness stand for his invocation of his Fifth Amendment rights, and the trial judge's thoroughness in probing that explanation. The operative facts in the latter, however, involve the prosecution's discussions with Hinkley, which occurred outside of court and before trial. Thus, the two sets of operative facts differ in time, place, and subject matter. This is insufficient to relate back under Federal Rule of Civil Procedure 15. *See Mayle*, 125 S. Ct. at 2570.

Nor has Graves provided this Court with any reason why it should not strictly enforce the one-year statute of limitations. Graves, for example, has not made any argument that his new claim should benefit from equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (equitable tolling may apply where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time"). Without more of a showing from Graves, this Court must dismiss his final

---

[7] 28 U.S.C. § 2244(d)(1) creates a one-year statute of limitations for habeas actions. Petitioner has not attempted to argue that his new claims are timely. Indeed, from the Court's review of the filings it is clear that petitioner's new claims easily fall outside of the limitations period.

new claim. *See id.* ("[T]he threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule.").

Thus, the Court DENIES Graves' motion to file a third amended petition with respect to his new claim of prosecutorial misconduct.

## CONCLUSION

For the foregoing reasons, this Court DENIES petitioner's motion for leave to file a third amended petition (Docket No. 63) and STRIKES the third amended petition (Docket No. 73) from this case. The second amended petition shall be the operative pleading going forward. Petitioner's request for an abeyance of proceedings is DISMISSED as moot. Finally, **petitioner shall file his traverse to respondent's answer before March 9, 2006.**

**IT IS SO ORDERED.**

Dated: February 8, 2006

SUSAN ILLSTON
United States District Judge