1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    DAVID MICHAEL GRAVES,                          No. C 01-03502 SI

9              Petitioner,                          **ORDER GRANTING IN PART AND
                                                    DENYING IN PART PETITIONER'S**
10      v.                                          **MOTION FOR LEAVE TO FILE
                                                    MOTION FOR RECONSIDERATION**
11   THOMAS CAREY, Warden

12             Respondent.
     _____/

13

14                                    **BACKGROUND**

15          On September 17, 2001, petitioner David Michael Graves filed a petition for writ of habeas

16   corpus, challenging his convictions for murder and attempted murder.  On August 9, 2006, the Court

17   denied his second amended petition, but granted petitioner's request to file a third amended petition

18   raising only the prosecutorial misconduct claim.  On September 8, 2006, the Court granted petitioner

19   an extension of time, to October 20, 2006, to file his third amended petition.  On September 11, 2006,

20   the Court received a motion for an extension of time, to October 19, 2006, in which to file the third

21   amended petition, and in which to file a motion for reconsideration concerning the claims that can be

22   filed in the third amended petition.  Petitioner presumably sent this motion before receiving the Court's

23   September 8, 2006 Order granting petitioner an extension of time.  On October 11, 2006, the Court

24   received the instant motion for leave to file a motion for reconsideration.  On February 15, 2007, the

25   Court stayed this case and petitioner's reconsideration motion pending the outcome of *King v.*

26   *Lamarque*, No. 00-1988 SI, which considered whether California's timeliness rule is an adequate

27   procedural bar, an issue raised by petitioner's second amended habeas petition.  *King* has now been

28   resolved, and the Court construes petitioner's motion as a motion for leave to request reconsideration

United States District Court
For the Northern District of California

1   of both the dismissal of the second amended petition and the Court's limitation of the third amended

2   petition to just one claim.

3

4                                        **LEGAL STANDARD**

5        In the Northern District of California, no motion for reconsideration may be brought without

6   leave of court.  *See* Civil L.R. 7-9(a).  Under Civil Local Rule 7-9, the moving party must specifically

7   show:  (1) that, at the time of the filing of the motion for leave, a material difference in fact or law exists

8   from that which was presented to the court before entry of the interlocutory order for which the

9   reconsideration is sought, and that in the exercise of reasonable diligence the party applying for

10  reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence

11  of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure

12  by the court to consider material facts which were presented to the court before such interlocutory order.

13  *See* Civil L.R. 7-9(b).  Moreover, the motion may not repeat any oral or written argument made by the

14  moving party in support of or opposition to the interlocutory order of which the party seeks

15  reconsideration.  *See* Civil L.R. 7-9(c).

16

17                                          **DISCUSSION**

18  A.      Procedural Bar Issue

19        The Court first addresses petitioner's argument that the Court erred in finding several of

20  petitioner's claims procedurally barred.  The Court previously found that the California Supreme Court's

21  denial of petitioner's state habeas petition was based on a finding of substantial delay, without good

22  cause, in bringing the claims.  This Court further determined that this denial was based on independent

23  and adequate state grounds.  *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Bennett v. Mueller*,

24  322 F.3d 573, 581 (9th Cir. 2003); *see also* August 9, 2006 Order at 11-13, 16, 18, 19.  Since that

25  decision, however, the Ninth Circuit remanded this Court's decision in *King* with instructions that the

26  government must show that California's procedural rule has been clarified since 1992 "and that the

27  clarified rule has since been consistently applied."  *King v. Lamarque*, 464 F.3d 963, 967 (9th Cir.

28  2006).  On remand, this Court held that the government had not met its burden of demonstrating that

                                                   2

California's timeliness rule was sufficiently clear by 1999, and thus that the rule was not an adequate state procedural ground sufficient to bar federal review of the petitioner's claims. *King v. Subia*, 2008 WL 2873353, *3 (N.D. Cal. July 23, 2008). Accordingly, there has been a material change in the law that warrants reconsideration of the Court's decision regarding the procedural bar, *see* Civil L.R. 7-9(b), and the Court finds that further briefing is unnecessary because the *King* holding applies equally here.

In *Fields v. Calderon*, 125 F.3d 757 (9th Cir. 1997), the Ninth Circuit clarified that when determining whether a procedural rule is clearly and consistently applied, courts examine the rule at the time the claim should have been raised, *id.* at 760-61. Here, the majority of the claims deemed procedurally barred by the Court in its prior order relate to trial errors or the ineffective assistance of trial counsel, and the remainder relate to the ineffective assistance of appellate counsel, all of which should have been raised, at the least, in April 2000 when petitioner filed his first two habeas petitions in state court. For the reasons discussed in *King*, the Court finds that the "substantial delay" standard was not sufficiently clarified by 2000, and need not reach the question whether the rule was consistently applied at the time of petitioner's default. The cases relied on by respondent, i.e. *In re Clark*, 5 Cal. 4th 750 (1993), *In re Gallego*, 18 Cal. 4th 825 (1998), *In re Robbins*, 18 Cal. 4th 770 (1998), and *In re Sanders*, 21 Cal. 4th 697 (1999), were all rejected by this Court in *King*, *see King*, 2008 WL 2873353, *2 ("The Court finds that none of the cited cases sufficiently clarifies the 'substantial delay' standard for noncapital cases."), and the Court is not aware of any authority indicating that the rule had become clear between 1999 and 2000. The Court also notes that the materials from the case of *Martin v. Walker*, E.D. Cal. No. CV 99-0223 WBS/GGH, surveying habeas petitions in 2002 are not helpful to an analysis of the rule's application in 2000. *See Dossman v. Newland*, 2008 WL 3984600, *2 (N.D. Cal. Aug. 27, 2008). Accordingly, the Court GRANTS petitioner's motion for reconsideration of the Court's decision regarding the procedural bar to the second, third, fifth, seventh, tenth, eleventh, and twelfth claims related to the attempted murder conviction, and all of the claims related to the murder conviction. Those claims are not procedurally barred.

B.   <u>Other Issues As To Which Reconsideration Is Sought</u>

As to petitioner's request for leave to file a motion for reconsideration of other issues, petitioner

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

does not present any facts or law which were not known to petitioner (or his counsel) at the time he filed the motions he requests be reconsidered. *See* Local C.R. 7-9(b). Petitioner simply reargues claims which have already been adjudicated by multiple courts. None of the facts or laws he presents are recently discovered, and petitioner demonstrates no manifest failure by the Court to consider material facts presented to the Court in prior motions. Pursuant to Civil Local Rule 7-9, the Court therefore must deny the motion for leave with regard to the remaining issues decided in the Court's August 9, 2006 Order. The Court will not here address every one of petitioner's lengthy arguments, as they have all been adequately addressed; the examples discussed below demonstrate the shortcomings of petitioner's motion for leave.

Petitioner argues that because he is actually innocent, the procedural bar to his claims should be excused. *See Schlup v. Delo*, 513 U.S. 298 (1995). Petitioner made this same argument in his traverse. *See* Traverse 6-7. Local Rule 7-9(c) thus prevents him from making the same argument here. Furthermore, petitioner's argument does not satisfy any of the three Local Rule 7-9(b) requirements.

Petitioner also argues that he should be allowed to re-allege claims that were mistakenly dismissed, as unexhausted, by this Court on July 22, 2002. As explained in the Court's August 9, 2006 Order, petitioner's counsel voluntarily abandoned most of these claims, even after the exhaustion issue was clarified. *See* Order at 5 n.5. Petitioner has had ample opportunity to re-raise these claims: at the time petitioner filed his second amended petition, traverse, and renewed motion for leave to file a third amended petition, the exhaustion issue had been clarified. Furthermore, petitioner has, or could have argued every law and fact now argued in this motion. Petitioner thus fails to present any facts or law which were not known to petitioner (or his counsel) at the time he filed prior motions. *See* Local C.R. 7-9(b)(1).

To the extent that the Court is able to ascertain the precise nature of petitioner's remaining arguments, none meet the requirements of Civil Local Rule 7-9. Petitioner does not present any facts or law that were not known to petitioner (or his counsel) at the time he filed the motions he requests be reconsidered, and he fails to show any manifest failure by the Court to consider material facts presented to it in prior motions. Pursuant to Civil Local Rule 7-9, the Court therefore must deny petitioner's motion for reconsideration, except as to the procedural bar issue discussed above.

4

As a result of the foregoing, the status of this action is that there remain for adjudication those fourteen claims in the second amended petition that have now been determined not to be procedurally barred[1] as well as the one prosecutorial misconduct claim in the third amended petition[2] that has been allowed.  The claims that have been determined not to be procedurally barred were fully briefed on the merits and the court does not want any more briefing on them.  The claim at pages 40-42 of the Third Amended Petition has not been answered, and the court will set a briefing schedule for that claim.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES AS MOOT petitioner's motion for an extension of time in which to file a motion for reconsideration concerning the claims that can be filed in the third amended petition, and in which to file the third amended petition [Docket No. 92]; and GRANTS IN PART and DENIES IN PART petitioner's motion for leave to file a motion for reconsideration [Docket No. 95].  The court has reconsidered and now determines that (a) the fourteen claims in the Second Amended Petition that were rejected as procedurally barred are not procedurally barred and (b) the prosecutorial misconduct claim at pages 40-42 of the Third Amended Petition may proceed.

In order to move this action toward resolution, the court now orders:

1.      The stay is lifted.

2.      No later than **November 20, 2008**, respondent must file and serve a supplemental answer and memorandum of points and authorities addressing the prosecutorial misconduct claim alleged at pages 40-42 of the Third Amended Petition.  The brief may not exceed **eight pages** in length and may only address that one claim.

3.      No later than **December 3, 2008**, petitioner must file and serve a supplemental traverse

---

[1]Those claims are Claims 2, 3, 5, 7, and 10-19 as identified at pages 6-7 in the August 9, 2006 Order Denying Petition For Writ of Habeas Corpus And Granting In Part Petitioner's Motion To File Third Amended Petition (Docket # 89).

[2]That one claim is the claim at pages 40-42 of the third amended petition, i.e., the claim that the prosecutor in the murder trial committed misconduct by threatening John Hinkley, a defense witness who would have testified that Scott Casteel confessed to murdering Gary Tutt.

5

United States District Court
For the Northern District of California

and memorandum of points and authorities addressing the prosecutorial misconduct claim alleged at pages 40-42 of the Third Amended Petition. The brief may not exceed **eight pages** in length and may only address that one claim. The argument should be complete in that one document, and may not incorporate by reference argument from any other brief.

4.    No later than **November 20, 2008**, petitioner must file a serve a verification for his second amended petition. A verification of the sort attached to the *third* amended petition is in the proper form, and petitioner should use that as a guide in preparing his verification for the second amended petition. If the verification is not filed by the deadline, the action will be dismissed.

5.    No more letters for clarification or other purposes will be permitted. If a party wants the court to act, he must file *and serve* a noticed motion.

6.    Petitioner's motion for an evidentiary hearing is DENIED. (Docket # 110.) If the court determines that an evidentiary hearing is necessary after reading the parties' briefs it will order one *sua sponte.* Only if an evidentiary hearing is ordered will the court appoint counsel for petitioner; otherwise, he must continue to represent himself.

7.    To the extent petitioner intended his letter brief filed on July 3, 2007 to be a motion for summary judgment, the motion is DENIED for failure to adequately identify the grounds for summary judgment or what petitioner wants summarily adjudicated. (Docket # 108.) The court will not entertain another motion for summary judgment, because it is an unnecessary use of judicial resources to decide whether there are disputed issues of fact when the court can decide most disputed facts in ruling on the petition.

**IT IS SO ORDERED.**

Dated: October 21, 2008

SUSAN ILLSTON
United States District Judge